# SUPREME COURT OF TEXAS.

## AUSTIN, 1856.

---

### S. C. GREENWOOD v. W. A. WOODWARD.

A Commissioner appointed by the Governor of the State, under the Statute, to take the acknowledgment of deeds, &c., in other States, has authority to take and certify an oath in authentication of a claim against the estate of a deceased person.

See this case as to the construction of Statutes.

One ground of objection is, that the Judge (in another State) taking the deposition, had not affixed the seal of the Court to his certificate. He did what was equivalent; he certified, under his seal, that the witness swore to and signed the deposition, and then certified, under the seal of the Court, that the Court was one of record, and that he was the sole presiding Judge.

Where it was objected to the return of a deposition, that the Postmaster's certificate of its receipt, was made by the Postmaster through a Clerk, it was held the certificate was sufficient.

Error from Guadalupe. Tried below before the Hon. Thomas H. DuVal.

*Sherwood* and *Thornton*, for plaintiff in error.

*J. Ireland*, for defendant in error.

HEMPHILL, CH. J. The points presented by counsel for appellant, are,

First, Was the claim of the appellee duly proven and authenticated, so as to have justified the appellant in accepting the claim, had he considered it just?

The objection to the proof of the claim is, that the oath was taken before a Commissioner of Deeds, and not before a Judge of a Court of Record, as required by the 1158th Article of the Digest. But by Art. 122, (Sec. 3, Act of 1846,) a Commissioner has full power to administer an oath or affirmation to any person desirous to make such oath, and such affidavit is declared to be as effectual as if taken by any officer in the State competent to take the same. This confers upon the Commissioner power to take any oath which can be administered by any officer within the State, and though he be not enumerated by Art. 1158, as among the officers authorized to take the affidavit, yet he has sufficient authority under his general commission in Art. 122 ; and a claim against an estate proved before him, must be deemed to be sufficiently authenticated to authorize its acceptance by an administrator, provided there be no objection on other grounds. The demurrer to the petition was therefore properly overruled.

The next question is, Was the objection to the reading of the deposition of Sanders well taken?

One ground of objection is, that the Judge, taking the deposition, had not affixed the seal of the Court to his certificate. He did what was equivalent ; he certified, under his seal, that the witness swore to and signed the deposition, and then certified, under the seal of the Court, that the Court was one of Record, and that he was the sole presiding Judge.

Another ground is, that the proper certificate of the Postmaster was not indorsed on the envelope. This was signed by the Postmaster through a clerk, who did not sign as a deputy, as specified in the Statute. A clerk is but another title for deputy, or, at least, we cannot presume that a Postmaster would employ a clerk in the post office, unless he was a deputy. The objections were properly overruled ; and these being

all the points discussed by counsel, we are of opinion that there was no error in the judgment, and that the same be affirmed.

Judgment affirmed.