## M. T. SLAUGHTER AND ANOTHER V. H. RIVENBARK.

1. An officer taking a deposition must identify the cause in which it is taken, by stating its title in the caption or the conclusion of his certificate. A mere recital that the deposition is taken "in compliance with the annexed commission" is not sufficient.

2. In an officer's certificate to a deposition it was stated that the "answers were sworn to and subscribed" before him, but by whom sworn to and subscribed was not distinctly stated. *Held*, that the deposition should have been suppressed on motion.

APPEAL from Harrison. Tried below before the Hon. J. B. Williamson.

There is no occasion to detail the facts of the case.

*H. McKay,* for the appellant.

*James Turner,* for the appellee.

OGDEN, J.—We think the exceptions to the depositions of Mosley and Taylor well taken, and should have been sustained by the lower court.

The certificate of the officer before whom the depositions were taken, though evidently the result of a labored intent to do his duty, wholly failed in two important particulars to comply with the statute, as construed by former decisions of this court.

The officer, neither in the caption nor concluding certificate to the deposition, identified the suit in which the depositions were taken, excepting by reference to the "annexed commission."

We think this not a sufficient guard against imposition and fraud, when it would have been so easy for the officer to have specified the title to the suit, in which the depositions were to be used as evidence.

But the officer does not certify who swore to and subscribed the answers to the interrogatories accompany-

ing the "annexed commission;" and this error we must, under the authority of Chapman v. Allen, 15 Texas, 282, Carroll v. Welsh, 26 Texas, 148, and Greenwood v. Woodward, 18 Texas, 2, decide to be fatal to the depositions; and therefore the defendant's motion to strike out or suppress the same should have been sustained by the court.

For the error herein specified, the judgment is reversed, and the cause remanded.